UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ELIOT S. SASH,

                        Petitioner,

- against -

GLEN GOORD, Commissioner of the New York
State Department of Correctional Services,

                       Respondent.

------------------------------------------------------------X

**MEMORANDUM AND ORDER**

1:04-cv-2503-ENV

VITALIANO, D.J.

On June 15, 2004, petitioner Eliot S. Sash ("petitioner") petitioned this Court for a writ of habeas corpus, statedly pursuant to 28 U.S.C. § 2241, claiming that his conviction was obtained in violation of Article IV of the Interstate Agreement on Detainers, 18 U.S.C. App. 2, § 2 ("IAD").

The IAD is a compact among 48 states, the District of Columbia, and the Federal Government that establishes procedures by which a participating jurisdiction can gain custody of a prisoner already incarcerated in another participating jurisdiction in order to put the prisoner on trial for criminal charges. Reed v. Farley, 512 U.S. 339, 341, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994). The compact's major purpose is to require the prompt resolution of outstanding charges in the receiving jurisdiction so as to minimize interruptions to a prisoner's ongoing prison term, which may "obstruct programs of prisoner treatment and rehabilitation." 18 U.S.C. App. 2, § 2, art. I; Alabama v. Bozeman, 533 U.S. 146, 148, 121 S.Ct. 2079, 150 L.Ed.2d 188 (2001). To



further this purpose, the IAD contains an anti-shuttling provision:

> If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

18 U.S.C. App. 2, § 2, art. IV(e). A unanimous United States Supreme Court has held that this provision means exactly what it says, and therefore, if a prisoner is transferred to a participating jurisdiction and then returned to the sender jurisdiction before being tried, the indictment in the receiving jurisdiction must be dismissed with prejudice, even if the prisoner was transferred for a very brief period, *e.g.*, one day for arraignment. Bozeman, 533 U.S. at 149.

On July 11, 2002, petitioner was indicted in New York County for charges stemming from fraudulent insurance filings, in which he falsely claimed that his wife had been killed at the World Trade Center on September 11, 2001. Petitioner also ran into trouble with federal authorities when, on September 10, 2002, he was arrested after a search of his home revealed "thousands of federal, state, and local law-enforcement identification documents and badges, along with the tools and components necessary to fabricate such items." United States v. Sash, 396 F.3d 515, 517 (2d Cir. 2005). Federal authorities kept petitioner in custody until October 2, 2002. During this detention, petitioner was turned over briefly to state authorities on September 27, 2002, pursuant to a writ of habeas corpus *ad prosequendum*, so that he could be briefly taken from the Metropolitan Correctional Center to New York County Supreme Court in order to attend a status conference relating to the pending state court charges. Thus, petitioner was transferred from federal custody to state custody and then back again to federal custody without

ever being tried in state court.

On December 23, 2004, United States District Judge Nicholas G. Garaufis dismissed the petition, which he construed to be seeking relief under 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241. Judge Garaufis held that an IAD violation is not cognizable on federal habeas review, citing Reilly v. Warden, FCI Petersburg, 947 F.2d 43, 44 (2d Cir. 1991). Petitioner moved for reconsideration, contending that subsequent Supreme Court precedent had superseded the Second Circuit's earlier holding in Reilly; Judge Garaufis disagreed. See Pizetzky v. Attorney General, 329 F. Supp. 2d 371, 372-73 (E.D.N.Y. 2004); Keeling v. Varner, No. 99-cv-6565, 2003 WL 21919433, at *5 (E.D.N.Y. Jun. 17, 2003). Petitioner appealed the decision to the United States Court of Appeals for the Second Circuit. On July 5, 2005, the Second Circuit vacated and remanded the case because the district court had construed the petition as one brought pursuant to 28 U.S.C. § 2254 without ever giving proper notice so that petitioner could withdraw or amend his petition. See Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998). On September 13, 2005, petitioner amended his petition, substituting 28 U.S.C. § 2254 for 28 U.S.C. § 2241. The amended petition raises the same IAD claim but adds ineffective assistance of counsel claims.

Initially, this Court notes its agreement with Judge Garaufis that the vitality of the Second Circuit's holding in Reilly is unaffected by the Supreme Court's subsequent holding in Reed v. Farley "that a state court's failure to observe the 120-day rule of IAD Article IV(c) is not cognizable under § 2254 when the defendant registered no objection to the trial date at the time it was set, and suffered no prejudice attributable to the delayed commencement." 512 U.S. at 342. But even further, like in Farley, petitioner never properly raised his claim in state court and he

3

claims no prejudice, except that he did not receive the windfall that the IAD mandates.

Still, even on the merits, petitioner has no claim. As one court in this circuit has written, "it is well settled that the IAD does not apply to pretrial detainees; it only applies to sentenced prisoners." United States v. Figueroa, No. 04-cr-6106, 2005 WL 351935, at *4 (W.D.N.Y. Feb. 11, 2005); see also United States v. Currier, 836 F.2d 11, 16 (1st Cir. 1987); United States v. Wilson, 719 F.2d 1491, 1495 (10th Cir. 1983); United States v. Reed, 620 F.2d 709, 711-12 (9th Cir. 1980); United States v. Harris, 566 F.2d 610, 613 (8th Cir. 1977); United States v. Roberts, 548 F.2d 665, 671 (6th Cir. 1977). "The basic purpose of the IAD is to prevent interference with institutional care and rehabilitation, and one cannot interrupt that which has not yet started." Crooker v. United States, 814 F.2d 75, 77 (1st Cir. 1987). At the time of his transfer from federal custody to state custody and then back again to federal custody, petitioner was not a sentenced prisoner; he had not yet even reached trial or pled guilty in either jurisdiction. Accordingly, the IAD did not apply. The claim being a clear loser, trial counsel was not ineffective for failing to raise it.

Petitioner's remaining ineffective assistance of counsel claim – based on his trial attorney's failure to file a notice of appeal – is untimely. Petitioner never raised the claim, or any ineffective assistance of counsel claim, in his original § 2241 petition. In fact, there was no mention of trial counsel's performance in that petition. The claim was raised to this Court for the first time on September 3, 2005, more than one year after petitioner's state court conviction had became final on February 6, 2003. It is thus untimely. See 28 U.S.C. 2244(d)(1)(A). It would make no difference if petitioner's New York state post-conviction motion for collateral relief

would toll the statute of limitations, as petitioner filed that motion on February 25, 2004 and was denied leave to appeal on September 8, 2004. Petitioner presents no basis for tolling of the statute of limitations.

For the foregoing reasons, the petition is denied. Since petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

Dated: Brooklyn, New York
December 26, 2006

_____
ERIC N. VITALIANO
United States District Judge